## Pikeville Nat. Bank & Trust Co. v. Thacker.
### Feb. 27, 1940.

Sanders Clay, Special Judge.

J. J. Moore and H. J. Scott for appellant.

O. T. Hinton for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

This suit involves the question of priority as between mortgages held by respective parties on the same real estate. It was adjudged that the mortgage lien of appellee was prior and superior to that of appellant.

Appellant argued a number of grounds for reversal and appellee conceded that in the circumstances revealed by the record the judgment should be reversed but that appellee should be given opportunity to respond to the second amended answer, counterclaim and cross petition filed by appellant and to take proof on any issue made thereby.

The original petition was filed in January 1937 and various pleadings including appellant's answer, counterclaim and cross petition and amended answer, counterclaim and cross petition were thereafter filed and depositions taken. Thereafter on June 28, 1938, appellant filed his second amended answer, counterclaim and cross petition. Immediately after this pleading was filed it was discovered that the record had been lost and the case was referred to the master commissioner of the court to supply the record. On November 14, 1938, the master commissioner filed his report supplying the record but did not include therein the last amended answer, counterclaim and cross petition filed by appellant but did supply all other pleadings etc. in the case and certified that same appeared to be all pleadings and depositions filed in the case and the complete record except the original note sued on about which there was no controversy in the pleadings. On the following day the case was submitted for judgment but it does not appear whether the second amended answer, counterclaim and cross petition was at that time with the other papers in the case.

Argument is made and authorities cited pro and con concerning the right of appellee upon reversal to respond to this pleading and take further proof on issues thus made. However, without going into detail it may be said that such right has often been recognized where warranted by the circumstances. It is our conclusion that the judgment must be reversed but that appellee be given opportunity to respond to the second amended answer, counterclaim and cross petition if she so desires and take further proof on any issue made by such further pleading.

Wherefore the judgment is reversed for proceedings in conformity with this opinion.